UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kari Dornbusch,                                Civ. No. 09-1734 (PJS/JJG)

        Plaintiff,

v.                                             REPORT AND RECOMMENDATION

Michael J. Astrue,

        Defendant.

JEANNE J. GRAHAM, United States Magistrate Judge

This case is before the Court on Plaintiff Kari Dornbusch's Motion for Attorney's Fees and Expenses in the amount of $6,784.25, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiff is represented by Neut L. Strandemo. Defendant Michael J. Astrue, the Commissioner of the Social Security Administration, is represented by Lonnie F. Bryan, Assistant United States Attorney. This matter was referred to the undersigned for a report and recommendation consistent with 28 U.S.C. § 636(b)(1) and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends that the motion be granted.

I.  **BACKGROUND**

Plaintiff filed this case on July 7, 2009, challenging the denial of her application for disability insurance benefits. In an Order dated September 27, 2010, the Honorable Patrick J. Schiltz, United States District Judge, found that the administrative law judge ("ALJ") did not accord the proper weight to the opinions of Plaintiff's treating physicians and also erred in assessing Plaintiff's subjective complaints. Judge Schiltz determined that while substantial evidence supported the ALJ's decision not to afford controlling weight to Plaintiff's treating physicians, the ALJ was not entitled to reject their opinions entirely and instead rely on the opinion of a non-

examining consultant. Judge Schiltz further concluded that the ALJ failed to properly consider Plaintiff's complaints of pain and fatigue as required by *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). Therefore, the case was remanded to the ALJ to "give full consideration to all of the evidence presented relating to Dornbusch's subjective symptoms . . . ." (Order at 14, Sept. 27, 2010.)

Plaintiff subsequently filed the instant motion for attorney's fees, seeking compensation for $6,434.25 in fees and $350 in expenses. The Commissioner opposes the motion in its entirety; alternatively, the Commissioner asks the Court to reduce the fee amount.

## II.    DISCUSSION

Under EAJA, a prevailing party in an action against the United States or one of its agencies is entitled to an award of attorney's fees and expenses unless the government's position was substantially justified or special circumstances would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." *Id.* § 2412(d)(1)(B).

The plaintiff bears the initial burden to establish that he or she was a prevailing party. *See Huett v. Bowen*, 873 F.2d 1153, 1155 (8th Cir. 1989) (per curiam). A party who obtains a remand pursuant to sentence four of 42 U.S.C. § 405(g) is a prevailing party. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). The Commissioner does not contest Plaintiff's status as a prevailing party.

"Once a party establishes that he or she was a prevailing party, the burden shifts to the government to prove that it was substantially justified in asserting its position." *Huett*, 873 F.2d at 1155 (citation omitted). The Commissioner may satisfy this standard by showing the denial of

benefits "had a reasonable basis in law and fact." *Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991) (citing *Pierce v. Underwood*, 487 U.S. 552, 565-566 (1988)).

In light of Judge Schiltz's findings and conclusions, the Court finds that the Commissioner's positions concerning Plaintiff's credibility and the opinions of her treating physicians were not substantially justified. First, with respect to the treating physicians, Judge Schiltz found that their opinions were entitled to some weight, albeit not controlling weight, yet the ALJ failed to accord the opinions any weight at all. Relatedly, Judge Schiltz determined that the ALJ erred by relying almost exclusively on the opinion of a non-examining consultant over the opinions of the treating doctors. Based on Judge Schiltz's Order, this Court finds that the ALJ's treatment of the medical sources' opinions had no reasonable basis in law. Although it would have been reasonable for the ALJ to give less than controlling weight to the treating doctors' opinions, it was not reasonable for the ALJ to disregard their opinions entirely. *See* Soc. Sec. Ruling 96-2p (July 2, 1996) ("In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.") (*quoted in* Order at 7, Sept. 27, 2010). It was also unreasonable for the ALJ to credit the opinion of the consultant over the opinions of Plaintiff's physicians, given that the opinions conflicted and that the consultant had never examined Plaintiff. *See Shontos v. Barnhart*, 328 F.3d 418, 427 (8th Cir. 2003); *Lauer v. Apfel*, 245 F.3d 700, 705 (8th Cir. 2001) (*both cited in* Order at 7-8, Sept. 27, 2010).

Second, it is well-established that an ALJ cannot dismiss a claimant's subjective complaints based solely on objective evidence, yet Judge Schiltz found that was exactly what the ALJ did in Plaintiff's case. (Order at 8, Sept. 27, 2010) ("[T]he ALJ was not entitled to reject Dornbusch's claim of disability on the sole basis that Dornbusch's subjective symptoms were not sufficiently supported by objective evidence. Yet that is just what the ALJ did."). Given the clear-cut mandate that an ALJ must consider factors such as the claimant's prior work record, observations by third

3

parties, the claimant's daily activities, the nature of the pain, triggering and exacerbating factors, the effects of medication, and functional limitations, *Polaski*, 739 F.2d at 1322, the ALJ's consideration of only the objective medical evidence had no reasonable basis in law.

Having found that the Commissioner's position was not substantially justified, the Court now turns to the amount of fees requested. Plaintiff asks for an award of fees calculated according to an hourly rate of $172.50. Ordinarily, attorney's fees may not exceed the rate "of $125.00 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Commissioner does not challenge the requested hourly rate, and the Court finds that an increase in the cost of living, based on the Consumer Price Index and counsel's customary rate, justifies an hourly rate of $172.50. This rate corresponds with other recent fee awards in this District. *E.g.*, *Dini v. Astrue*, Civil No. 08-5852 (DSD/JJG), 2010 WL 153681, at *3 (D. Minn. Jan. 11, 2010).

The Commissioner challenges the 15 hours billed by Plaintiff's attorney to review the administrative record and draft the memorandum in support of summary judgment. The Court finds that spending 15 hours on these tasks was not unreasonable. The administrative record exceeded 600 pages, and Plaintiff's fourteen-page memorandum raised several issues. The Court finds the remainder of the 37.3 hours billed also reasonable.

Plaintiff has asked for reimbursement for the $350 court filing fee. The Commissioner does not oppose this request, but asks that the judgment specifically denominate this item as a cost, pursuant to 28 U.S.C. § 1920.

Finally, the Commissioner notes that an EAJA award is payable to the prevailing party, not the attorney, and is therefore subject to offset any preexisting debt the party owes to the United States. The Commissioner relies on the Supreme Court's recent decision in *Astrue v. Ratliff*, 130 S. Ct. 2521, 2526-27 (2010), which held that an EAJA fee award should be paid directly to the

4

prevailing party rather than her attorney. However, since *Ratliff*, courts have ordered fees paid directly to counsel as long as the plaintiff assigned all rights in the fee award to counsel and does not owe any debt to the United States. *E.g.*, *Flowers v. Astrue*, Civil No. 4:09-cv-04037, 2010 WL 4876748, at *2 (W.D. Ark. Nov. 23, 2010). Here, Dornbusch has assigned her interest in the fee award to her attorney (Dornbusch Aff. ¶ 3, Oct. 18, 2010), and the Commissioner has not shown that Plaintiff owes any debt to the United States. Accordingly, the EAJA fee award may be paid directly to Plaintiff's counsel.

### III. CONCLUSION

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff Kari Dornbusch's Motion for Attorney's Fees (Doc. No. 31) be **GRANTED** in the amount of $6,434.25 in fees and $350 in costs, payable to Plaintiff's attorney.


Dated: January 3, 2011

    s/ *Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge


### NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **January 19, 2011**. A party may respond to the objections within ten days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.