UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

KARI A. DORNBUSCH,                                        Case No. 09-CV-1734 (PJS/JJG)

        Plaintiff,

v.                                                        ORDER

MICHAEL J. ASTRUE, Commissioner of the
Social Security Administration,

        Defendant.

---

Neut L. Strandemo, STRANDEMO, SHERIDAN & DULAS, PA, for plaintiff.

Lonnie F. Bryan, UNITED STATES ATTORNEY'S OFFICE, for defendant.

This matter is before the Court on defendant Michael J. Astrue's objection to Magistrate Judge Jeanne J. Graham's January 3, 2011 Report and Recommendation ("R&R") [Docket No. 39]. In the R&R, Judge Graham recommends that plaintiff Kari A. Dornbusch's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), be granted, and further recommends that the fee award be paid directly to Dornbusch's attorney. The Court has reviewed de novo those portions of the R&R to which the Commissioner has objected, as required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).

The Court agrees with Judge Graham that, under the EAJA, Dornbusch is entitled to an award of attorney's fees and expenses. The Court is puzzled by the Commissioner's claim that, in reversing his decision, the Court's "grounds for disagreement did not appear to be on the merits," but rather "concerned the clarity of the written decision." Obj. at 2. In its September 27, 2010 order, the Court explained, among other things, that it was reversing the Commissioner's decision because he had rejected Dornbusch's reports of debilitating pain and fatigue based

solely on the lack of objective medical evidence.  The Court explained that the Commissioner's decision was flatly inconsistent with Social Security Ruling 96-7p, which provides that the Commissioner may not discount reports of subjective symptoms based solely on the lack of objective medical evidence.  Order at 9 [Docket No. 29].  This is indeed a disagreement "on the merits."

The Court further rejects the Commissioner's argument that the amount of attorney's fees sought by Dornbusch is unreasonable.  The Court finds, to the contrary, that the fee request is eminently reasonable.

But the Court agrees with the Commissioner that, under *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), EAJA fee awards must be paid to the "prevailing party" — in this case, Dornbusch — and not to the prevailing party's attorney.  *Id*. at 2525-26; *see also* 28 U.S.C. § 2412(d)(1)(A) (providing that "a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs . . . .").  Fees recovered pursuant to the EAJA are subject to a federal administrative offset if the prevailing party has outstanding debts to the federal government.  *Ratliff*, 130 S. Ct. at 2527; 31 U.S.C. §§ 3711(a), 3716(a) (authorizing a federal agency whose debt-collection efforts are unsuccessful to "collect the claim by administrative offset").  Accordingly, the Court will allow the government a sixty-day period to determine whether any portion of Dornbusch's EAJA fee award is subject to offset and to remit the balance due after any appropriate offset is applied.

Dornbush has filed with this Court an affidavit in which she assigns her right to any attorney's fees recovered under the EAJA to her attorney, and asks the Court to order the government to pay those fees directly to her attorney.  Docket No. 34.  The Court believes that

paying the fee award (minus any offset) directly to Dornbusch's attorney *pursuant to her instructions* is not in any way inconsistent with *Ratliff*. To the contrary, by honoring Dornbusch's instructions, the Court recognizes that the fee award belongs to Dornbusch.

ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, the Court OVERRULES IN PART and SUSTAINS IN PART the objection of defendant Michael J. Astrue [Docket No. 40] and ADOPTS Judge Graham's Report and Recommendation [Docket No. 39] to the extent that it is consistent with this order. Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff Kari A. Dornbusch's motion for attorney's fees pursuant to the EAJA [Docket No. 31] is GRANTED;

2. Plaintiff Kari A. Dornbusch is awarded a total of $6,434.25 in reasonable attorney's fees and $350.00 in costs, subject to offset by any preexisting debt that Dornbusch owes to the United States;

3. Defendant Michael J. Astrue is directed to pay the above-awarded fees and costs, minus any applicable offset, by May 2, 2011; and

4. Pursuant to the "Assignment of EAJA Fee" signed by plaintiff Kari A. Dornbusch and filed with this Court on October 28, 2010 [Docket No. 34], defendant Michael J. Astrue is directed to pay the above-awarded fees and costs, minus any applicable offset, directly to Neut L. Strandemo.

Dated: March  1 , 2011               s/Patrick J. Schiltz
                                     Patrick J. Schiltz
                                     United States District Judge